```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Lisa E. Holdren,                :

       Plaintiff,           :

   v.                           :        Case No. 2:12-cv-428

                                      :        JUDGE GEORGE C. SMITH
Kevin S. Holdren,               :        Magistrate Judge Kemp

       Defendant.           :

## REPORT AND RECOMMENDATION

This matter is before the Court to consider plaintiff Lisa E. Holdren's motion to remand. The motion has been referred to the Magistrate Judge for a Report and Recommendation. For the reasons that follow, the Court recommends that the motion be granted.

### I. Background

On March 29, 2012, E.I. du Pont de Nemours and Company and DuPont Pension and Retirement Plan filed a notice of removal in this Court, pursuant to 28 U.S.C. §1441. According to the notice, DuPont and the Plan "have been called to defend against a motion for indirect civil contempt" which Ms. Holdren filed in Holdren v. Holdren, Case No. 10 DR 201, a divorce action pending in the Washington County Court of Common Pleas. The contempt motion seeks to enforce a domestic relations order issued by the common pleas court on November 2, 2010, directing that a portion of Mr. Holdren's interest in his DuPont retirement account be paid to Ms. Holdren.

The Plan did not honor the order because it concluded that the order did not meet the requirements for a Qualified Domestic Relations Order. It so notified Ms. Holdren by letter dated November 29, 2010. In addition to citing the various

deficiencies, the Plan stated that it was willing to review an amended order.  The order was never amended, and Mr. Holdren died on March 15, 2011.  On February 28, 2012, Ms. Holdren reopened her divorce action and filed her motion for contempt.

In the removal petition, DuPont and the Plan contend that Ms. Holdren's contempt motion seeks to recover annuity payments and relates to ERISA, 29 U.S.C. §§1000, et seq.  DuPont and the Plan contend that the motion is the equivalent of a civil action filed under 29 U.S.C. §1132(a)(1)(B) and they request to be treated as "involuntary defendants."  Cf. Fed.R.Civ.P. 19.  They assert that because the motion to enforce raises a federal question (i.e. the ERISA claim), the case is removable under 28 U.S.C. §1441(a).

II.  The Parties' Positions

In her motion to remand, Ms. Holdren contends that the removal of her divorce action was improper because federal courts do not have jurisdiction over domestic relations matters.  As Ms. Holdren explains, the motion she filed in state court merely sought enforcement by the domestic relations court of its own valid order.  Relying on Scales v. General Motors Corp. Pension Adm'r, 275 F.Supp.2d 871, 875 (E.D. Mich. 2003), Ms. Holdren argues that she is not pursuing a new and separate claim against DuPont and the Plan but is only seeking relief supplemental or ancillary to her state divorce action.  She does not view her contempt motion as the equivalent of a civil action under ERISA.  As she puts it, "DuPont's 'claim' [that the state court order is not a QDRO] does not qualify as a civil action (29 U.S.C. §1132) governed by ERISA."

In response, DuPont and the Plan assert that Ms. Holdren's motion for indirect civil contempt is an ERISA action which places them in the role of defendants as a result of their effort to comply with ERISA.  They assert that the only issue raised by

-2-

Ms. Holdren's motion is whether the order at issue is a qualified domestic relations order under ERISA, and that is a federal question over which this Court has jurisdiction.  Further, they argue that the domestic relations exception does not bar this Court from exercising jurisdiction because neither they nor Ms. Holdren are asking the Court to grant or modify a domestic relations order.  They contend that Ms. Holdren's reliance on the Scales case is misplaced here because the cases are factually distinguishable.  Rather, according to DuPont and the Plan, the controlling case here is Rouse v. DaimlerChrysler Corp. UAW, 300 F.3d 711 (6th Cir. 2002), a case in which a Motion for a Rule to Show Cause filed in a Michigan state court was removed on federal question (i.e. ERISA) grounds, and over which the Court of Appeals commented, in a footnote, that the district court's jurisdiction under 28 U.S.C. §1331 was "clear."  Rouse, supra, at 715 n.1.  Additionally, DuPont and the Plan contend that, rather than reopen her divorce case in which they are not defendants, Ms. Holdren could have filed a separate action and named them as defendants.  They assert that, in effect, they are first party defendants.

In reply Ms. Holdren argues that Rouse is not dispositive here because the question of removal jurisdiction was not at issue in that case and the case is factually distinguishable.  She contends that all she seeks through her contempt motion is for DuPont to explain why the QDRO was not followed, making this case much more similar to Scales, a case in which, like this one, a plan administrator removed a contempt motion filed in a state domestic relations case, and which was remanded as having been improperly removed.

### III.  Analysis

The underlying state court action which defendants removed is a domestic relations case.  Ordinarily, federal courts do not

have jurisdiction over domestic relations matters involving divorce, alimony, and child custody.  Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992).  This is frequently referred to as the "domestic relations exception."  DuPont and the Plan argue that the domestic relations exception does not apply in this case because neither party is asking this Court to grant or modify a domestic relations order.  Rather, as DuPont and the Plan see it, Ms. Holdren is actually pursuing an action under ERISA's civil enforcement provision 29 U.S.C. §1132(a)(1)(B).  On the other hand, Ms. Holdren contends that her contempt motion is only supplemental or ancillary to her divorce case and not a new or separate claim against DuPont and the Plan.  Before it can begin to consider whether the domestic relations exception applies, the Court must address Ms. Holdren's contention that her contempt motion is only supplemental or ancillary to her domestic relations case and the fact that DuPont and the Plan are not named as defendants in the underlying action.  These matters may not impact the existence of subject matter jurisdiction, but they do raise a question about whether the statutory requirements for removal have been satisfied.

Generally, removal statutes are construed narrowly because removal jurisdiction encroaches on a state court's jurisdiction. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999); see also Long v. Bando Manufacturing Co. of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000) (noting that "because they implicate federalism concerns, removal statutes are to be narrowly construed").  The general right to removal is set forth in 28 U.S.C. § 1441(a), and provides as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending.

Based on the plain language of the statute, the starting point for the Court's analysis is whether the matter which defendants removed is a "civil action." Typically, the Court looks to the complaint to determine whether removal was proper. The Court does not have a complaint before it, however. Rather, the petition for removal involves a state court motion for indirect civil contempt which, as the Court explains below, is not a "civil action" as the phrase is used in §1441.

The Sixth Circuit Court of Appeals has interpreted the phrase "civil action" to mean "a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court." Ohio v. Doe, 433 F.3d 502, 506 (6th Cir. 2006). A contempt proceeding has been found by at least one other district court within this Circuit not to be a "civil action." See In re Estate of Lewis, 2006 WL 3542653 (W.D. Mich. December 7, 2006). In reaching this conclusion, the Lewis court relied on Scales, noting that a motion for a show cause order "is supplemental to the underlying action and is not a civil action under §1441." Id. at *4.

At least one federal Court of Appeals has recognized that a motion for contempt is not removable. Asher v. A.G. Edwards & Sons, Inc., 272 Fed.Appx. 357, 358 (5th Cir. 2008), citing Juidice v. Vail, 430 U.S. 327, 338 (1977). Further, in Dale v. Family Guar. Life Ins. Co., 205 F.Supp.2d 620 (S.D. Miss. 2002), the district court found that because, under Mississippi law, a contempt proceeding initiated in an underlying action is not a separate and independent action, remand was required. The Dale court distinguished the circumstances of that case from those present in Levin v. Tiber Holding Co., 1999 WL 649002 (S.D.N.Y. Aug. 25, 1999), where the court held that because, under New York

law, contempt proceedings against a non-party must be brought in a proceeding separate and independent from the underlying action, federal subject matter jurisdiction could be properly asserted. Dale, at 622; see also Credit Union One v. Tindall, 2008 WL 1805333 (E.D. Mich. April 11, 2008) (contempt proceedings deemed not removable).

Under Ohio law, contempt proceedings are not considered to be civil actions.  Liming v. Damos, 133 Ohio St.3d 509 (2012), citing Cincinnati v. Cincinnati Dist. Council 51, 35 Ohio St.2d 197, 201-202 (1973) ("[p]roceedings in contempt are sui generis in the law.  They bear some resemblance to suits in equity, to criminal proceedings and to ordinary civil actions, but they are none of these").  As explained by the Ohio Supreme Court in the Cincinnati case, "[c]ontempt proceedings are means through which the courts enforce their lawful orders.  The power to punish for contempt is said to be inherent in the courts and to exist independently from express constitutional provision or legislative enactment."  Id.

Of additional concern to the Court is the fact that DuPont and the Plan are only the subject of Ms. Holdren's motion for contempt, and they are not, as they recognize, parties in the underlying state case.  Consequently, it is not clear whether DuPont and the Plan can be considered "defendants" within the meaning of §1441.  As in Lewis, the event relied on by defendants in their removal petition was the filing of a motion to hold a non-party, who is not a federal officer, in contempt of court. For purposes of removal, it is federal law and not state law that determines who is a defendant.  Lewis at *3, citing Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580 (1954).  Courts have held that the terms "defendant" and "defendants," as used in §1441(a), should be given their normal meaning.  Rojano v. American Ins. Co., 2001 WL 1579492 (S.D. Ohio September 4, 2001).  The

definition does not include, for example, a third-party defendant even if a claim over which a federal court would have original jurisdiction had been asserted in the third-party complaint.  Id. Were this Court to interpret the term "defendant" to include non-parties like DuPont and the Plan, the Court would be construing §1441(a) broadly, rather than narrowly, and in contravention of the principles cited above.  Brierly, supra.

It may be that, as DuPont and the Plan contend, Ms. Holdren could have filed a separate action to determine the order's status as a QDRO and named them as defendants.  Such a suit might well be deemed an action under §1132(a)(1)(B), making it a civil action which could properly be removed by a named defendant.  See Lewis, at *5.  That is not what happened here, however.  Instead DuPont and the Plan, who are not named parties in the underlying domestic relations action, have removed a motion filed in that action to federal court.  This they may not do.

The Court finds the reasoning in Scales particularly applicable to the circumstances here.  In that case, the court viewed the pension administrator's attempt to recast the matter as a case under §1132(a)(1)(B) misplaced because the real issue was whether the former wife had obtained a QDRO in her divorce proceeding.  The administrator, as the Plan and DuPont here, had declined to pay benefits because it did not believe the orders at issue were QDROs.  As explained by the court in Scales:

> Adopting the GM Pension Administrator's position would create the situation that whenever an individual seeks enforcement of a QDRO in a divorce action, the case becomes removable.  This would result in the federal courts becoming involved in numerous divorce actions, which surely cannot be what Congress intended. Indeed, finding the case not removable does not run afoul of ERISA's stated purpose of providing for uniform national interpretation and administration of pension plans.  See 29 U.S.C. § 1001.  See also Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 9-11, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987) (emphasizing that ERISA

-7-

>plans should not be subjected to a patchwork of
>obligations imposed by differing state laws).  State
>courts adjudicating whether a particular domestic
>relations order is qualified will still have to apply
>the statutory criteria set forth in 29 U.S.C. § 1056
>and therefore will not be subjecting ERISA plans to the
>vagaries of state law.

Scales, 275 F.Supp.2d at 877.

Finally, the Court does not find the Rouse case controlling here.  As both the Lewis and Scales cases noted, Rouse did not address issues of removal under §1441; the real issue on appeal was whether the trial court's decision to abstain under Burford v. Sun Oil Co., 315 U.S. 315 (1943) was appropriate.  And it is certainly the case that there are state court proceedings which, while they raise issues over which a federal court would have subject matter jurisdiction, cannot be removed because the removal statutes do not provide for it.  That is why "[a] defect in removal procedure authorizes remand," Matter of Amoco Petroleum Additives, 964 F.2d 706, 713 (7th Cir. 1992), even if subject matter jurisdiction is present.

For all of these reasons, and keeping in mind that "[a]ll doubts as to the propriety of removal are resolved in favor of remand," Jacada (Europe), Ltd. v. International Marketing Strategies, Inc., 401 F.3d 701, 704 (6th Cir. 2005), quoting Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999), based on the issues before it, the Court recommends that this case be remanded to the Washington County Court of Common Pleas.

### IV.  Recommended Disposition

For the reasons set forth above, the Court recommends that the motion to remand (Doc. 5) be granted and that this case be remanded to the Washington County Court of Common Pleas.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that

party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge