UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Lisa E. Holdren,**

      **Plaintiff,**

      **Case No. 2:12-CV-428**
      **JUDGE SMITH**
v.      **Magistrate Judge Kemp**

**Kevin S. Holdren,**

      **Defendant.**

### OPINION AND ORDER

This matter is before the Court on E.I. du Pont de Nemours and Company ("DuPont") and DuPont Pension and Retirement Plan's ("the Plan") Objections to the Magistrate Judge's Report and Recommendation (Doc. 12). For the reasons that follow, the Court **OVERRULES** the Objections and therefore **GRANTS** Plaintiff Lisa E. Holdren's Motion to Remand (Doc. 5).

**I.    Background**

In March 2012, DuPont and the Plan filed a notice of removal in this Court, pursuant to 28 U.S.C. § 1441. The notice states that DuPont and the Plan "have been called to defend against a motion for indirect civil contempt," which Plaintiff filed in *Holdren v. Holdren*, Case No. 10 DR 201, a divorce action pending in the Court of Common Pleas of Washington County, Ohio (Doc. 1). The contempt motion seeks to enforce a domestic relations order issued by the common pleas court on November 2, 2010, directing that a portion of Mr. Holdren's interest in his DuPont retirement account be paid to Ms. Holdren. The Plan did not honor the order because it concluded that the order did not, for multiple reasons, meet the requirements for a Qualified Domestic Relations Order ("QDRO") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Employee pension and welfare benefit plans are governed by ERISA, and ERISA generally prevents the distribution, assignment, or garnishment

of the benefits owed to a plan participant.  However, an exception exists for QDROs.  29 U.S.C. §§ 1056(d)(1)-(3).  A QDRO is an order or decree that creates or recognizes the existence of an alternate payee's right to receive all or a portion of a participant's benefits payable under an ERISA qualified benefit plan. 29 U.S.C. § 1056(d)(3)(B).

Despite concluding that the domestic relations order is not a QDRO, the Plan indicated its willingness to review an amended order.  The order at issue was not amended, however, and on March 15, 2011, Mr. Holdren died.  On February 28, 2012, Plaintiff reopened the divorce action and filed her motion for contempt.  DuPont and the Plan assert that Plaintiff's contempt motion seeks to recover annuity payments and relates to ERISA.  According to DuPont and the Plan, the contempt motion is the equivalent of a civil action filed under 29 U.S.C. § 1132(a)(1)(B), and they request to be treated as "involuntary defendants."

In April 2012, Plaintiff filed her Motion to Remand (Doc. 5), which was referred to the Magistrate Judge for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Doc. 9).  On March 8, 2013, the Magistrate Judge issued his Report and Recommendation (Doc. 10).  The Magistrate Judge concluded that the statutory requirements for removal have not been satisfied and recommended that Plaintiff's Motion to Remand be granted. The Magistrate Judge determined that it is not clear whether DuPont and the Plan can be considered "defendants" within the meaning of 28 U.S.C. § 1441(a)[1].  Ultimately, however, in analyzing the request for a remand, the Magistrate Judge found the reasoning in *Scales v. General Motors Corp. Pension Adm'r*, 275 F. Supp.2d 871 (E.D. Mich. 2003) to be particularly applicable to the circumstances found here.  Conversely, the Magistrate Judge rejected DuPont and the Plan's contention that *Rouse v. DaimlerChrysler Corp. UAW*, 300 F.3d 711 (6th Cir. 2002), mandates the denial of the Motion to Remand.  Upon reviewing these cases, and the

---

[1] Section 1441(a) provides as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

requirements of § 1441, the Magistrate Judge resolved that the petition for removal involves a state court motion for indirect civil contempt, and is thus not a "civil action" as the phrase is used in § 1441.

Pursuant to Federal Rule of Civil Procedure 72(b), Defendant objects to the Magistrate Judge's March 8, 2013 Report and Recommendation recommending that Plaintiff's Motion to Remand be granted.

## II.     Standard of Review

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).

## III.    Discussion

DuPont and the Plan challenge the Magistrate Judge's recommended disposition of this case, asserting that the Report and Recommendation "does not properly address the true nature of Holdren's Motion for Contempt," that the Magistrate Judge's reliance on *Scales*, supra, was misplaced, and that the Magistrate Judge erred by rejecting *Rouse*, supra, as controlling authority in this case. DuPont and the Plan request that this Court not adopt the Magistrate Judge's Report and Recommendation, but deny Plaintiff's Motion to Remand and retain jurisdiction in this matter. The Court rejects DuPont and the Plan's challenge to the Magistrate Judge's Report and Recommendation.

DuPont and the Plan assert that Plaintiff's Motion for Contempt "is really a disguised action against DuPont and the Plan" under ERISA, and that the Magistrate Judge did not address the "true nature" of Plaintiff's motion (Doc. 12 at 1). To the contrary, the Magistrate Judge acknowledged DuPont and the Plan's argument that the Motion for Contempt is the equivalent of a civil action filed under 29 U.S.C. § 1132(a)(1)(B), but found this argument unavailing, noting

3

that Plaintiff did not file a separate action to determine the disputed order's status as a QDRO. The Court agrees with the Magistrate Judge's assessment that while "[s]uch a [separate action] might well be deemed an action under § 1132(a)(1)(B), making it a civil action which could properly be removed by a named defendant . . . [t]hat is not what happened here, however." (Doc. 10 at 7). Thus, the Court rejects DuPont and the Plan's suggestion that the Magistrate Judge's finding that the matter from which they removed is not a "civil action" elevates form over substance.

DuPont and the Plan argue that the Magistrate Judge improperly relied on *Scales*. They challenge the reasoning applied in that case and note that the decision is not controlling in this jurisdiction. According to DuPont and the Plan, application of *Rouse*, a decision of the Sixth Circuit, requires the denial of the Motion to Remand. The Magistrate Judge did not find that *Scales* is controlling precedent in the Southern District of Ohio, which of course it is not, being a decision from the Eastern District of Michigan. The Magistrate Judge did find, however, the reasoning set forth in *Scales* to be particularly applicable to the circumstances found here. And, like the court in *Scales*, the Magistrate Judge did not find the *Rouse* decision to be controlling here.

The Court has reviewed the *Scales* and *Rouse* decisions and concurs with the Magistrate Judge's succinct and well-reasoned analysis as it relates to these decisions. To summarize, while it is clear that *Rouse* determined that federal courts have subject matter jurisdiction to determine whether a particular domestic relations order is a QDRO under ERISA, the Sixth Circuit did not consider whether a motion filed in a divorce action in state court is a "civil action" within the meaning of § 1441. The Court is not "rejecting" *Rouse* as DuPont and the Plan suggest. Instead, the Court finds *Rouse* not to be controlling here because the Sixth Circuit did not pass upon the issue of whether removal was proper under § 1441. The *Scales* decision, however, addresses the issue of whether a motion to enforce a purported QDRO can be removed to federal court pursuant to § 1441 on the basis that it implicates ERISA and possibly could have been filed as a

4

separate action under § 1132(a)(1)(B).  As determined by the Magistrate Judge, *Scales* is on point and its reasoning is persuasive as to this issue.  Simply stated, such a motion is not a "civil action" as that term is used in § 1441, and thus the statutory requirements for removal have not been satisfied.

### IV.     Conclusion

For the foregoing reasons, the Court concludes that the Magistrate Judge properly determined the pertinent facts and applied the appropriate law as it relates to whether this matter should be remanded.  Therefore, the Court **OVERRULES** DuPont and the Plan's Objections, and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 10) in its entirety.  Accordingly, the Court **GRANTS** Plaintiff Lisa E. Holdren's Motion to Remand (Doc. 5).  This case is **REMANDED** to the Court of Common Pleas of Washington County, Ohio.

The Clerk shall remove Document 5 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**